JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4950 PA (FFMx) | Date | July 30, 2010 |
|---|---|---|---|
| Title | Capital One, N.A. v. Randy Malmud, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Randy Malmud ("Defendant") on July 12, 2010. (Docket No. 3.) Plaintiff Capital One, N.A.'s ("Plaintiff's") Complaint, filed at the Beverly Hills Courthouse of the Los Angeles County Superior Court, asserts a single cause of action for unlawful detainer. Defendant, who is appearing pro se, seems to assert that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Here, the Complaint contains a single cause of action for unlawful detainer. No federal claim is alleged. Further, Defendant does not allege that the Complaint contains a federal claim in disguise, or that the unlawful detainer claim is preempted by federal law. The Notice of Removal only alleges in a conclusory manner that "the Court has jurisdiction pursuant to 28 U.S.C. [§] 1441(a) and (b) and 28

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4950 PA (FFMx) | Date | July 30, 2010 |
|---|---|---|---|
| Title | Capital One, N.A. v. Randy Malmud, et al. | | |

U.S.C. [§§] 1331 and 1332." (Notice of Removal, p. 2.) Such an allegation is insufficient to establish the Court's federal question jurisdiction.

Defendant has also failed to show that diversity jurisdiction exists here. Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

In the Notice of Removal, Defendant does not allege his own citizenship. Nor does Defendant properly allege the citizenship of Capital One, N.A. Although Defendant alleges that Plaintiff is "headquarte[r]ed in McClean, Virginia" (Notice of Removal, ¶ 4), the Notice of Removal does not contain any allegations concerning Plaintiff's state of incorporation or principal place of business. As such, Defendant's allegations are inadequate to establish diversity jurisdiction.

Also, despite Defendant's allegation that the amount in controversy exceeds $75,000, neither the Notice of Removal nor the Complaint alleges any facts in support of that assertion. Because the Complaint states that the "amount demanded does not exceed $10,000," Defendant has the burden to prove to a legal certainty that the amount in controversy exceeds $75,000. Defendant has not met that burden here. See Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998-99 (9th Cir. 2007)(holding that the removing party has the burden to establish to a "legal certainty" that the amount in controversy requirement is met when the complaint affirmatively alleges an amount in controversy below the statutory minimum).

For the foregoing reasons, Defendant has failed to meet his burden of showing that federal question or diversity jurisdiction exists over this action. Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Beverly Hills Courthouse, Case No. 10U00319. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.